# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMAL SMITH, <br><br> Petitioner, <br><br> vs. <br><br> RON FRAKES, <br><br> Respondent. | Civil No. 09-5315-RJB-JRC <br><br> ORDER ON MOTION TO STRIKE AND REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation of U.S. Magistrate Judge J. Richard Creatura (Dkt. 19) and Petitioner's Motion to Strike (Dkt. 20). The Court has considered all documents filed in support of and in opposition to the Report and Recommendation and the motion, and the entire record herein.

## I. FACTS

The Report and Recommendation (Dkt. 19) contains a through review of the facts which is adopted here. Petitioner makes four claims in his petition:

Page 1 - ORDER

1) Record of Sufficient Completeness. A defendant is constitutionally entitled to a "record of sufficient completeness" to permit effective appellate review of his or her claims. . . . The Court of Appeals states the record is not ideal the conversations played for the jury were not transcribed . . . nonetheless the verbatim report of the trial proceedings does contains Detective Bergt's unchallenged summaries of each recording that was played. . . . The record clearly shows that trial counsel as well as Mr. Smith objected numerous times to Detective Bergt's narration of the calls, characterizing class, attorney client privilege as well as other things. . . . In post conviction proceedings, Mr. Smith re-raised the issue under new ground. The Court of appeals expressed in its footnote: the facts as presented in this opinion are based only on Detective Bergt's testimony and those CDR files that can be matched to the trial transcript. . . Detective Bergt's testimony is controverted and clearly challenged therefore should not be held as material fact. Clearly the court of appeals made as unreasonable determination of the facts.

2) Sufficiency of Evidence. Provided that all of the evidence for Counts 5 & 6, attempted murder 1 and residential burglary are made completely of telephone calls that were not transcribed for the record nor was there a [sic] adequate record to show exactly what calls were played for the jury or for how long. There is no way to place before the Court the exact evidence that was played for the jury there was a [sic] approximate total of 500 telephone calls and only seconds were played from the random calls that were played for the jury. The evidence is insufficient to prove beyond a reasonable doubt that Mr. Smith attempted to commit murder in the first degree and residential burglary. The evidence presented at trial was insufficient to convict Mr. Smith of attempted murder and residential burglary steming [sic] from telephone calls made from jail. The Court of Appeals relys [sic] soley [sic] on the testimony of Detective Bergt in belief that its "unchallenged" which is clearly a unreasonable determination of the facts in light of the evidence presented at the trial court."

3) Out of Court Identification. Under the Fourteenth Amendment due process clause an identification procedure that is unnecessarily suggestive and gives rise to the likelihood of misidentification is a violation of due process of law. . . . The Court of Appeals concedes that Mr. Smith is correct that the newspaper photo tainted Fonder's later identification of Smith in the photomontage [sic] . . . but rule that the identification is reliable by an unreasonable determination of the facts.

4) In Court Identification. The in court identification of Mr. Smith was tainted by an "unarranged photo show up" and had no independent origin.

Dkt. 1. The Report and Recommendation recommends that the first and third claims be dismissed after a review of the merits of those claims. Dkt. 19. The Report and Recommendation

Page 2 - ORDER

recommends the Court find Petitioner's second claim is unexhausted, and dismiss it as procedurally barred. Dkt. 19. The Report and Recommendation states that his fourth claim should be dismissed as Petitioner has filed a motion to voluntarily dismiss (Dkt. 15) that claim. *Id.*

Petitioner now files a Motion to Strike (Dkt. 20) and Objections to the Report and Recommendation (Dkt. 21). This Opinion will first address Petitioner's Motion to Strike (Dkt. 20) and then the Report and Recommendation (Dkt. 19).

## II. DISCUSSION

### A. MOTION TO STRIKE

Petitioner states, in his Motion to Strike, that he wishes to retract his motion to dismiss claim four (Dkt. 15). Dkt. 20. Petitioner indicates that he now wants the issue reviewed on the merits. *Id.* In the interest of full and fairly addressing the issues raised in the Petition, Petitioner's motion should be granted, and his motion to dismiss (Dkt. 15) should be stricken. To the extent that Petitioner seeks a review on the merits, his motion should be denied and his fourth claim should be dismissed as it is unexhausted and procedurally barred, as further discussed below in Section II. B. 2.

### B. REPORT AND RECOMMENDATION AND PETITIONER'S FOURTH CLAIM

The Report and Recommendation (Dkt. 19) should be adopted and the Petition should be dismissed.

1. *Evidentiary Hearing*

Petitioner first argues in his Objections that he should be afforded an evidentiary hearing.

Page 3 - ORDER

Dkt. 21. Adopting the statement of law in the Report and Recommendation (Dkt. 19, at 9) on the standard for an evidentiary hearing, Petitioner has failed to make a showing that he is entitled to a hearing. He has not raised a new rule of constitutional law or alleged that a factual predicate exists that could not have been previously discovered through the exercise of due diligence. 28 U.S.C. § 2254(e)(2)(A). To the extent that Petitioner is seeking an evidentiary hearing pursuant to 28 U.S.C. § 2254(e)(2)(B), he has failed to show that the facts underlying his claim would be sufficient to establish by clear and convincing evidence that but for the constitutional error, no reasonable fact finder would have found him guilty. Petitioner alleges that Detective Bergt's testimony was controverted. Dkt. 21. Petitioner makes no showing that the testimony was controverted, or even if it was, how it led to a constitutional error such that he would not have been convicted. Petitioner's objection regarding an evidentiary hearing is without merit.

2. *Exhaustion and Procedural Bar - Second and Fourth Claims*

In his second objection, Petitioner argues that his second claim was properly exhausted in his "opening brief and exhausted when adopted from co-defendant the evidence is insufficient, there is no evidence on record to review in counts V & VI." Dkt. 21, at 2. "A federal court may not grant habeas relief to a state prisoner unless the prisoner has first exhausted his state court remedies" by "fully and fairly presenting each claim to the highest state court." *Scott v. Schriro*, 567 F.3d 573, 582 (9th Cir.2009). Petitioner has failed to show that his second claim, that the evidence is insufficient to support his conviction because the testimony of the phone conversations between Mr. Smith and Ms. Dixon were not transcribed, is sufficiently similar to the claims presented to the state courts.

Page 4 - ORDER

Petitioner argues that his fourth claim, tainted in court identification, was exhausted and should be reviewed on the merits. The record shows that Petitioner raised the issue in his personal restraint petition (Exhibit 11 at 15-18), but failed to raise the issue in his motion for discretionary review to the Washington Supreme Court (Exhibit 15). His fourth claim is unexhausted.

Although unexhausted claims are typically dismissed without prejudice to allow petitioners to raise the claims in state court, Petitioner does not contest that under Washington law, his second and fourth claims would be procedurally barred due to the fact that they would be considered successive and time barred. *See* RCW 10.73.090 and 10.73.140.

3. *Review on the Merits of the First and Third Claims*

Petitioner argues that, regarding his first claim ( whether the record was sufficiently complete for appellate review), he did contest the accuracies of Detective Bergt's summaries of the telephone conversations at trial. Dkt. 21, at 3. He argues that the Report and Recommendation's finding to the contrary was in error.

Petitioner's objection is without merit. The portions of the record Petitioner points to do not support his contention - that at trial he objected to Detective Bergt's summaries. In any event, as discussed in the Report and Recommendation, Petitioner has failed to show, as to his first claim, that the Washington courts' decision on this issue was contrary to, or involved an unreasonable application of, clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. § 2254 (d).

Page 5 - ORDER

Turning to his third claim (out of court identification), Petitioner states in his final objection, that the "magistrate judge only relates the court of appeal opinion. He does not address the issue Mr. Smith has raised. The state has recognized Mr. Smith has pointed out crucial facts (Dkt. 11-12) when reviewing the facts it is clear the court's [sic] made an unreasonable determination of the facts in light of the evidence in the trial record." Dkt. 21, at 3.

Petitioner's final objection is without merit. To the extent that Petitioner challenges the Report and Recommendations discussion of the Washington court's findings on this issue, he fails to show that any error was made in either the Report and Recommendation or the Washington court. Petitioner does not identify which "crucial facts" he has pointed out, nor why they are relevant. In light of the evidence in the record, Petitioner has failed to show that the Washington courts' decision on this issue was contrary to, or involved an unreasonable application of, clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. § 2254 (d).

4. *Conclusion*

The Report and Recommendation should be adopted and the petition dismissed. Petitioner's second and fourth claim are unexhausted and should be dismissed as they are procedurally bared by the state statutes regarding second and successive petitions and the time bar. Petitioner's first and third claim should be dismissed on the merits.

Page 6 - ORDER

### III. ORDER

The Court hereby **FINDS** and **ORDERS**:

1) Petitioner's Motion to Strike (Dkt. 20) is **GRANTED**, Petitioner's Motion to Dismiss (Dkt. 15) is **STRICKEN**;

2) The Report and Recommendation (Dkt. 19) is **ADOPTED**;

3) Petitioner's fourth claim **IS DISMISSED**; and

4) Petitioner's Petition is **DISMISSED**.

The Clerk is directed to send copies of this Order to all parties appearing pro se, all attorneys of record and to the Hon. J. Richard Creatura.

DATED this 30th day of November, 2009.

_____
Robert J. Bryan
United States District Judge